UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-272-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BARRY BUNN | RESPONSE TO GOVERNMENT'S OBJECTIONS TO MEMORANDUM AND RECOMMENDATION |

**NOW COMES** the Defendant, Barry Bunn, by and through counsel, and responds to the government's objections to the Memorandum and Recommendation (M&R) of the Honorable James E. Gates, United States Magistrate Judge, issued April 27, 2015, recommending that count one of the indictment be dismissed. In support of the M&R, Mr. Bunn states as follows:

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b), this Court reviews de novo all portions of a magistrate judge's M&R to which specific objections are made. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *accord United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) ("[A] general objection to a magistrate judge's findings is not sufficient—a party must object to the magistrate's finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.") (internal quotation marks, brackets, and citation omitted). Absent a specific and timely filed objection, the court reviews only for clear error and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Ace. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Upon

1

careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## ARGUMENT

**THE MAGISTRATE JUDGE CORRECTLY CONCLUDED THAT MR. BUNN HAS NO PRIOR CONVICTION FOR WHICH HE COULD HAVE RECEIVED MORE THAN ONE YEAR OF IMPRISONMENT AS REQUIRED BY 18 U.S.C. § 922(g)**

Contrary to the directions of 28 U.S.C. § 636(b)(1)(C), the government does not specify which findings and conclusions of the M&R it believes to be erroneous, nor does the government identify specific flaws in the magistrate judge's reasoning. Instead, the government repeats the arguments previously made. However, the magistrate judge thoroughly considered these arguments and rejected them. Consequently, this Court should review the magistrate judge's M&R only for clear error. *Orpiano*, 687 F.2d at 47.

More importantly, however, the government fails to show error, clear or otherwise, in the magistrate judge's conclusion that Mr. Bunn could not have received more than one year of imprisonment for his prior conviction.[1] As the magistrate judge correctly found and concluded, the 19-month sentence Mr. Bunn received for his prior conviction had "two components: an initial period of 8 to 10 months of imprisonment followed by a 9-month period of [post-release supervision]." M&R at 6, DE-31. And, as the magistrate rightly observed, "[a] plain reading of the applicable North Carolina sentencing statute makes it clear that the last 9 months of a defendant's maximum sentence is not a term of imprisonment, but rather a mandatory term of [post-release supervision]." *Id.*

---

[1] The government does not appear to dispute that the plain meaning of "imprisonment" indicates physical confinement. *See* M&R at 7-8 n. 9; *see also United States v. Neuhauser*, 745 F.3d 125, 128 (4th Cir. 2014).

2

The government's arguments against the magistrate judge's thoughtful decision are unavailing. Relying heavily on the out-of-circuit decisions in *United States v. Caicedo-Cuero*, 312 F.3d 697 (5th Cir. 2002) and *United States v. Arellano-Torres*, 303 F.3d 1173 (9th Cir. 2002), the government asserts that the mandatory period of post-release supervision built into a North Carolina offender's sentence should count as imprisonment. However, as the magistrate judge readily recognized, neither case is relevant to the instant dispute. *See* M&R 9 n.12. Both decisions involved convictions where the maximum potential sentence of imprisonment exceeded one year, but the imposed sentences were suspended in favor of probation. *See Caicedo-Cuero*, 312 F.3d at 699 (Texas court was authorized to impose a sentence of incarceration between 180 days and two years; the defendant received a suspended sentence of "five years' deferred adjudication probation"); *Arellano-Torres*, 303 F.3d at 1178-79 (Nevada law required a suspended sentence of one to four years of incarceration and imposition of probation). The defendants argued that their prior convictions did not qualify as felonies because their maximum punishments did not exceed one year. However, because the sentencing courts were authorized to impose sentences of incarceration exceeding one year, the courts in *Caicedo-Cuero* and *Arellano-Torres* held that the prior convictions qualified as felonies. *Caicedo-Cuero*, 312 F.3d at 705; *Arellano-Torres*, 303 F.3d at 1179.

Unlike the situation in *Caicedo-Cuero* and *Arellano-Torres*, the state court here had no ability to sentence Mr. Bunn to a term of incarceration exceeding one year. Instead, by operation of North Carolina's "carefully crafted sentencing scheme," *United States v. Simmons*, 649 F.3d 237, 249 (4th Cir. 2011), the state court was only authorized to impose a maximum term of incarceration of ten months, followed by nine months of supervised release. This distinction, standing alone, makes *Caicedo-Cuero* and *Arellano-Torres* inapposite. Furthermore, in contrast to the state courts

3

in *Caicedo-Cuero* and *Arellano-Torres*, the North Carolina court had no authority to revoke Mr. Bunn's supervised release and impose additional incarceration. *Caicedo-Cuero*, 312 F.3d at 704; *Arellano-Torres*, 303 F.3d at 1179. And unlike the defendants in *Caicedo-Cuero* and *Arellano-Torres*, Mr. Bunn did not receive a suspended sentence or probation. Finally, as the magistrate judge correctly noted, both decisions "were decided long before the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010)." M&R 9 n.12. These many significant differences readily distinguish the decisions in *Caicedo-Cuero* and *Arellano-Torres* from the instant case. As such, *Caicedo-Cuero* and *Arellano-Torres* provide no guidance here.

The government claims that "under North Carolina law, the defendant here could end up serving more than 12 months in prison for his drug conviction" and that "[i]t would therefore be nonsense to conclude that he was not convicted of an offense whose maximum possible punishment is greater than 12 months' imprisonment." Gov.'s Objections to M&R 9, DE-32. This argument misses the mark for two reasons. First, as the magistrate judge recognized, Mr. Bunn could not serve more than twelve months in prison for his original offense conduct. M&R at 11. If Mr. Bunn returned to prison, it would only be because he violated the terms of his supervised release by committing new criminal conduct or by absconding, and because the Post-Release Supervision and Parole Commission decided, after a hearing, to revoke release. In such a scenario, Mr. Bunn could serve more than twelve months in prison, but not for his drug conviction. *See United States v. Valdovinos*, 760 F.3d 322, 327 (4th Cir. 2014) ("[T]he critical question for purposes of a federal sentence enhancement is whether the particular defendant's prior *offense of conviction* was *itself* punishable by imprisonment exceeding one year.") (first emphasis original; second emphasis added).

4

Second, that Mr. Bunn could hypothetically violate the terms of his supervised release and thereby return to prison requires assumption of the "worst-case" offender. But as the magistrate judge explained, "the prohibition against consideration of a hypothetical defendant with the 'worst possible criminal history' forbids as well consideration of a defendant's worst possible criminal *future*." M&R at 11 (citation omitted). Thus, "a 9-month term of [post-release supervision] cannot be counted in determining whether a North Carolina crime is punishable by more than one year in prison." *Id.* Significantly, the magistrate judge is not alone in his conclusion. To date, two other district court judges in the Eastern District of North Carolina have agreed that post-release supervision does not constitute imprisonment. *See United States v. Davis*, No. 5:14-CR-107-BR (E.D.N.C.), *appeal pending at* No. 15-4208 (4th Cir.) and *United States v. Townsend*, No. 5:96-CR-157-H (E.D.N.C. May 13, 2015).

For all of the reasons stated herein, as well as those stated in Mr. Bunn's motion to dismiss and reply, which are incorporated herein by reference, Mr. Bunn submits that the government fails to show that the magistrate judge erred, clearly or otherwise, in concluding that count one of the indictment should be dismissed. Accordingly, the government's objections to the M&R should be overruled.

WHEREFORE, Mr. Bunn respectfully requests that this Court adopt the memorandum and recommendation of the magistrate judge and dismiss count one of the indictment for failure to state an offense.

Respectfully submitted this 25th day of May, 2015.

           THOMAS P. McNAMARA
           Federal Public Defender

           */s/ Cindy J. Bembry*
           CINDY J. BEMBRY
           Assistant Federal Public Defender
           Attorney for Defendant
           Office of the Federal Public Defender
           150 Fayetteville Street, Suite 450
           Raleigh, North Carolina 27601
           Telephone: 919-856-4236
           Fax: 919-856-4477
           E-mail: cindy_bembry@fd.org
           N.C. State Bar No. 41788
           LR 57.1 Counsel
           Appointed

*CERTIFICATE OF SERVICE*

      I HEREBY CERTIFY that a copy of the foregoing was served upon:

JOHN H. BENNETT
Assistant United States Attorney
215 South Evans Street
Suite 206 U.S. Courthouse Annex
Greenville, NC 27858

by electronically filing the foregoing with the Clerk of Court on May 25, 2015 using the CM/ECF system which will send notification of such filing to the above.

      This the 25th day of May, 2015.

                                  ***/s/ Cindy J. Bembry***
                                  CINDY J. BEMBRY
                                  Assistant Federal Public Defender
                                  Attorney for Defendant
                                  Office of the Federal Public Defender
                                  150 Fayetteville Street, Suite 450
                                  Raleigh, North Carolina 27601
                                  Telephone: 919-856-4236
                                  Fax: 919-856-4477
                                  E-mail: cindy_bembry@fd.org
                                  N.C. State Bar No. 41788
                                  LR 57.1 Counsel
                                  Appointed

7

Case 5:14-cr-00272-FL   Document 33   Filed 05/25/15   Page 7 of 7